Kinsey C. J.
^ , , , . . . _ On the trial or this cause m the Court below,the plaintiffs offered in evidence a book of accounts, which was proved to be a book of original entries, in wHch there were several articles charged to the defendant, and stated to have been delivered on his account to a Mr. Mon« tange.
The counsel for the defendant objected to the reading of those items in evidence, whereupon the Court gave the following opinion; that the book being proved is to be given in evidence, but it is not conclusive. Where a third person received the goods, there the order or some authority ought to be proved to charge Johnson with them, yet the items may foe read. T® this opinion a bill of exceptions was taken.
*289 i i „ .--trine of admitting books in evidence for tbe person who makes the entries, has been carried full far enough to charge the person for whose use the goods were actually delivered. The court below in the present case, state the evidence not to be conclusive; but that where a third person receiver! the articles, an order, or some authority ought to be proved to charge the defendant; yet they say the entries may he read from the book first. Certainly the order or proof of authority should precede the reading of the books, because without the latter the former is altogether inoperative; and the jury should not be permitted to bestow upon it one moment’s consideration. If the authority be essential, it is so on the ground that without it the book is not evidence
Judgment reversed